JOHN LEWIS MEALER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mealer v. Commissioner
Docket No. 19290-93
United States Tax Court
T.C. Memo 1993-584; 1993 Tax Ct. Memo LEXIS 600; 66 T.C.M. (CCH) 1550; December 14, 1993, Filed *600 For respondent: Roxanne T. Conrad. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter is assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] It is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Respondent mailed a notice of deficiency to petitioner in which she determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 315. Respondent determined that petitioner failed to report as income unemployment compensation proceeds in the amount of $ 2,100. Petitioner resided at Phoenix, Arizona, when he timely filed his petition herein. The petition in this case does not meet the requirements of our Rule 34(b)(4) that a petition shall contain clear and concise assignments of each and every error which petitioner *601 alleges to have been committed by respondent in the determination of the deficiency. Further, it does not contain clear and concise lettered statements of the facts on which petitioner bases his assignments of error, as required by our Rule 34(b)(5). The petition and petitioner's objections to respondent's motion to dismiss are filled with tax-protester material long rejected by this and other courts. While many of these filings are no more than gibberish, what we can interpret is that petitioner complains the Commissioner did not state what "kind of tax" was being asserted (the deficiency notice clearly indicates income tax is being determined); that petitioner is a resident of Phoenix but not of the United States; that petitioner did not receive lawful notice from respondent; that petitioner was of tax-exempt foreign status; and that petitioner had no contractual connection with the Internal Revenue Service. We have considered many arguments of similar ilk, the latest in . In that case we quoted an opinion of the Fifth Circuit Court of Appeals regarding another tax protestor: "We perceive no need to refute *602 these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." . Suffice it to say, petitioner, a citizen of the State of Arizona, is a citizen of the United States, and section 1 imposes an income tax on the income of every individual who is a citizen or resident of the United States and subject to tax under section 1. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. In the case at bar petitioner has presented no facts or law in support of his claim which would entitle him to relief. Accordingly, respondent's motion to dismiss will be granted. Respondent, as a part of her motion to dismiss, did not request an award of a penalty under section 6673. That section provides that this Court may award a penalty not in excess of $ 25,000 to the United States where the proceedings have been instituted or maintained primarily for delay or where the taxpayer's position is frivolous. We have considered making such an award sua sponte, but have decided *603 not to do so in this instance. Petitioner, however, is warned that this Court will not tolerate any future abuses by him of its process. He has wasted not only judicial time but also time of the respondent in his making of these frivolous and groundless allegations. An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩